UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 1:09-CR-2-SPM/AK-1

MICAH C. PEACOCK,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS CONVICTION ON COUNT TWO

This cause comes before the Court on Defendant's Motion to Dismiss Conviction on Count Two (doc. 53). The Government filed a response (doc. 55). Upon consideration, the Court finds that the Motion to Dismiss Conviction on Count Two (doc. 53) should be denied.

On September 10, 2009, a jury returned a verdict of guilty against the Defendant on two counts as alleged in the indictment. Count One of the Indictment charged the Defendant with the receipt or distribution or attempted receipt or distribution of child pornography between on or about October 23, 2008, and on or about December 4, 2008, and Count Two charged the Defendant with the possession of child pornography on or about December 4, 2008.

Defendant argues that his conviction on Count Two should be dismissed as a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States

Constitution. The Double Jeopardy Clause "guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the *same* offense." United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009) (emphasis added). Here, Count Two charged the Defendant with possession of child pornography on an approximate date, while Count One charged the Defendant with receipt or distribution of child pornography during a range of approximate dates, which included, but was not limited to, the date alleged in Count Two. Sufficient evidence was presented for the Jury to find that the Defendant had committed the two separate offenses on two distinct dates. See Bobb, 577 F.3d at 1375 (no Double Jeopardy Clause violation where "convictions and sentences were based on two distinct offenses, occurring on two different dates, and proscribed by two different statutes.").

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Conviction on Count Two (doc. 53) is DENIED.

SO ORDERED this sixth day of October, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge